UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                                    Case No.   6:13-cv-306-Orl-18TBS

JAMANE L. SHELTON,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This case comes before the Court without oral argument on Plaintiff's Motion for Entry of Final Default Judgment Against Defendant (Doc. 12).  Upon due consideration, it is recommended that the motion be granted.

### I. Background

This Court has diversity jurisdiction of this controversy because Plaintiff is a Texas corporation with its principal place of business in Texas and Defendant is a resident of Palm Bay, Florida (Doc. 1, ¶¶ 2-3).  The amount in controversy exceeds $75,000 exclusive of interest, costs and attorney's fees (Id., ¶ 4).

In 2012, Defendant applied to Plaintiff for a life insurance policy with a $1,000,000 benefit (Id., ¶ 5). As part of the application process, Defendant was asked questions concerning his lifestyle (Id., ¶ 6).  In response to those questions, he failed to disclose that he had a history of convictions for driving while license suspended, reckless driving, larceny-grand theft, larceny, grand larceny, fraud-fraudulent use of credit cards, grand theft and various misdemeanor convictions

(Id., ¶ 11). Plaintiff relied upon the information in the application and issued American General Life Insurance Policy number YMD7220268 (the "Policy") insuring Defendant (Id., ¶ 7). The issuance of the Policy was contingent on Defendant satisfying a number of conditions including the accurate and truthful completion of an amendment to the initial application (Id., ¶ 8). In the amendment, Defendant stated that he "may have 1-2 speeding tickets issued in state of Florida" (Id., ¶ 9). He also represented that since he submitted the original application, he had not "[a]cquired any knowledge or belief that any statements made in the application are now inaccurate or incomplete" (Id., ¶ 10). Plaintiff discovered Defendant's misrepresentations after it issued the Policy (Id., ¶ 11). Plaintiff avers that if it had known the true facts, it would not have issued the Policy, or it would not have issued it at the same premium rate, or in as large an amount, or that it would not have provided coverage with respect to certain hazards (Id., ¶ 12). Plaintiff's complaint seeks a declaration that, based upon Defendant's misrepresentations, there is no coverage under the Policy and the Policy is null and void from its inception.

     Plaintiff has filed an Affidavit of Service of Process stating that on March 6, 2013 Defendant was served by serving his spouse Eboni Shelton (Doc. 9). Defendant has not filed any pleadings or papers in this case and on April 3, 2013, the Clerk of Court entered a default against him (Doc. 10). Now, Plaintiff seeks the entry of a default final judgment against Defendant (Doc. 12).

II. Standard of Review

Before entering a default judgment, the Court has a duty to assure itself that it has jurisdiction over the defendant. Williams v. Life Savings and Loan, 802 F.2d 1200, 1203 (10th Cir. 1986). Jurisdiction depends in the first instance, upon whether the defendant was properly served. Eastman Kodak v. Studiengesellschaft Kohle mbH, 392 F.Supp. 1152, 1154 (D.Del. 1975) (valid service of process "is the procedural incident of the assertion of the court's jurisdiction"); and System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001) (default judgment against defendant who is not subject to personal jurisdiction is void).

Federal Rule of Civil Procedure 4(e) provides for service of process on an individual in a judicial district of the United States, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED.R.CIV.P. 4(e)(1). Rule 4(e)(2) provides for service by "leaving a copy of the summons at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

Federal Rule of Civil Procedure 55 provides that the entry of a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . ." FED.R.CIV.P. 55(a). "[T]he District Court has discretion to enter a default final judgment against a defendant who has been properly served and has failed to "plead or otherwise defend." FED.R.CIV.P. 55(b)(2). A defendant who has

been defaulted "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  But, the fact that a defendant has been defaulted, "does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered." Id.  The United States Supreme Court has explained the difference between well-pleaded facts and conclusory allegations.  In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court said a complaint does not have to contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id., 129 S.Ct. at 1949 (internal citations omitted.).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" Id. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).  This analysis applies equally to a motion for entry of default judgment.  See De Lotta v. Dezenzo's Italian Restaurant, Inc., 2009 WL 4349806 *2-5 (M.D.Fla.).

Under Florida law, an insurer may rescind a policy of insurance on the

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th cir. 1981) (en banc), the Eleventh Circuit court of Appeal adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

grounds of misrepresentation if it can prove:

> (a) [t]he misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer[; or]
>
> (b) [i]f the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, wound not have issued a policy, or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in loss.

§ 627.409(1) Florida Statutes.

In cases where there is an actual controversy within the court's jurisdiction, and subject to exceptions which do not apply here, the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Aetna Cas. & Sur. Co. v. Evers, 590 F.2d 600 (5th Cir. 1979).

### III. Analysis

Service of Plaintiff's summons and complaint on Defendant by substitute service on his wife, at his place of abode, constituted good service under Rule 4(e) and § 48.031(1)(a) Florida Statutes.

The well-pled allegations of Plaintiff's complaint show that Defendant has an extensive criminal history which includes operating a motor vehicle recklessly and without a valid license. He has also committed felony and misdemeanor crimes involving dishonesty. These activities are inherently dangerous and of such a nature that any careful and prudent insurer would have wanted to know about them in order to responsibly gauge the risk in issuing a life insurance policy to Defendant.

Thus, Defendant's undisclosed criminal history was material to Plaintiff's decision to issue the Policy and under § 627.409(1) Florida Statutes, Plaintiff is entitled to a declaration that the Policy is void ab initio.

### IV. Recommendation

In view of the foregoing, it is respectfully recommended that the motion be granted and that judgment be entered in Plaintiff's favor declaring that American General Life Insurance Policy number YMD7220268 is null and void ab initio and that Plaintiff has no obligations under the Policy.  Should this recommendation be adopted, the Clerk should be directed to enter judgment accordingly and close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on May 24, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

United States District Judge
Counsel of Record